IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINONES,<br><br>            Plaintiff,<br><br>    v.<br><br>ROB ST. ANDRE, et al.,<br><br>            Defendants. | No.  2:22-CV-0833-DMC-P<br><br><br>ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner currently housed at High Desert State Prison, located in Susanville, California. See ECF No. 1.  Plaintiff brings suit against the following defendants: (1) Robert St. Andre, Warden; (2) Dr. Richard Gray; (3) Dr. Robert C. Fox; (4) John Doe I; (5) John Doe II; and (6) the California Department of Corrections and Rehabilitations (CDCR). Id. at 2. Plaintiff alleges violation of his Eighth Amendment rights against the named defendants for deliberate indifference towards his medical care. Id.

Plaintiff alleges that, on May 30, 2019, upon Plaintiff's arrival at High Desert State Prison, Plaintiff was assigned the upper level of the bunk bed. Id.  Plaintiff stated to Defendant Doe I that he needed to be placed on the lower level of the bunk bed because he has gout. Id.  Defendant Doe I ordered Plaintiff to take the upper level of the bunk bed, or he would receive a Rule Violation Report. Id.  On the same night, Plaintiff fell off the upper level of the bunk bed, which led to severe injuries. Id.  The following morning, Plaintiff's cell mate reported the fall to Defendant Doe II. Id. at 5.  Plaintiff was moved to the lower level of the bunk bed after the incident. Id.

According to Plaintiff, on June 2, Plaintiff stated that his head was still hurting from the fall and his left eyeball began to secrete blood. Id.  Plaintiff alleges that Defendant Doe I should have listened to his plea for the lower level of the bunk bed, thus, his injuries could have been avoided. Id.  Plaintiff alleges that Defendant Doe I's actions violated his Fourteenth and Eight Amendment Rights because he was denied his right to medical care, due process, and treated with deliberate indifference. Id. at 5.

///

2

The following day, Defendant Doe II took Plaintiff to the medical clinic. Id. At the medical clinic, Defendant Gray disregarded Plaintiff's request to be seen immediately. Id. Plaintiff alleges that Defendant Gray sent him away with no medical treatment. Id. Plaintiff was seen by Defendant Fox the following day. Id. Plaintiff was diagnosed with injuries to his left heel and abrasions to his lower extremities. Id. at 9. Furthermore, Plaintiff was diagnosed with a ruptured globe full-thickness corneal laceration on his left eye, essentially a ruptured eye. Id. Plaintiff was prescribed moxifloxacin eye drops, oxycodone, and IV fentanyl. Id. Plaintiff was also ordered for an x-ray. Id.

It was later determined that Plaintiff's left eye was infected and required surgery. Id. at. 6. Plaintiff alleges that the untimely medical treatment resulted in vision loss of his left eye. Id. Furthermore, Plaintiff alleges that he did not receive adequate medical care from Defendant Fox because he was unable to be seen regularly as required. Id. Plaintiff states that his medical appointments have continuously been rescheduled for nearly two years as a result of the COVID-19 pandemic. Id. at 7. Plaintiff alleges that Defendant Fox knew the seriousness of his injuries and deliberately chose to ignore it. Id. at 6.

On June 4, 2021, Plaintiff received a response regarding his health care grievance dated January 22, 2021. Id. at 13. The response letter stated that Plaintiff has been prescribed lisinopril, allopurinol, and etodolac to mitigate general aches and pain. Id. at 15. Also, Plaintiff's medical records confirm that he was placed on a care plan and his primary care provider has discussed the care plan with him. Id. On August 19, Plaintiff received another response regarding his health care grievance. Id. at 16. The response letter confirmed that Plaintiff's medical records reflect that his Disability Placement Program and his Verification and Comprehensive Accommodation have been updated. Id. at 17. Records accurately reflect that Plaintiff requires the bottom level of the bunk bed as of January 1, 2021. Id. Lastly, the response letter states that Plaintiff's vision has been gradually deteriorating and there is vision loss on his left eye due to the ruptured globe. Id. A referral has been placed to optometry, but Plaintiff's condition did not require an urgent outside referral. Id.

///

3

1    Plaintiff is seeking $2,000,000 in compensatory and punitive damages for relief.
2    Id. at 6.  $1,500,000 should be allocated for vision loss on his left eye and $500,000 for the
3    deliberate indifference to his medical care. Id.  Lastly, Plaintiff requests his medical appointments
4    be expedited in order to receive proper medical care. Id.

## II. DISCUSSION

7    The Court finds that Plaintiff states a cognizable claim against unnamed Defendant Doe I based on Plaintiff's allegation that Doe I refused to allow Plaintiff to use the top bunk despite Plaintiff's Gout.  Before the Court can order service on this defendant, however, Plaintiff must amend the complaint to allege Doe I's true name.  Plaintiff will be provided an opportunity to do so.

The Court also finds that Plaintiff states a cognizable claim against Defendant Gray for refusal to provide medical treatment the day after Plaintiff's fall and head injury.

As discussed below, Plaintiff's complaint does not currently state cognizable claims against Defendants Doe II, St. Andre, or Fox.  As to Doe II and Fox, Plaintiff has not alleged deliberate indifference.  As to Defendant St. Andre, who hold a supervisory role, Plaintiff has not alleged the defendant's personal conduct.

### A.    Defendant St. Andre

Supervisory personnel such as Defendant St. Andre generally is not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. Id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be

liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Here, Plaintiff has not alleged facts to show Defendant St. Andre's personal involvement, either by his own actions or implementation of an unconstitutional policy. Plaintiff will be provided an opportunity to amend.

### B. Defendants Doe II and Fox

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see

also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

        The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

        Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

        Here, Plaintiff alleges Doe II escorted him to the medical clinic the day following his fall from the top bunk.  This shows that Defendant Doe II was responsive to Plaintiff's medical needs and not, as required to support an Eighth Amendment claim, deliberately indifferent.  Similarly, Plaintiff alleges that Defendant Fox saw Plaintiff and provided him treatment for his injuries.  As with Defendant Doe II, this allegation shows that Fox was responsive to Plaintiff's medical needs and not deliberately indifferent.  Plaintiff will be provided an opportunity to allege additional facts, if he can, as to the conduct of Defendants Doe II and Fox with respect to Plaintiff's medical treatment.  Specifically, Plaintiff must allege facts to show

Defendants disregarded his serious medical needs.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  September 20, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE