IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINONES,<br><br>    Plaintiff,<br><br>    v.<br><br>ROB ST. ANDRE, et al.,<br><br>    Defendants. | No.  2:22-CV-0833-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

On September 21, 2022, the Court issued an order addressing the sufficiency of Plaintiff's complaint as required under the Prison Litigation Reform Act.  See ECF No. 11.  In that order, the Court summarized Plaintiff's allegations as follows:

> Plaintiff is a prisoner currently housed at High Desert State Prison, located in Susanville, California. See ECF No. 1.  Plaintiff brings suit against the following defendants: (1) Robert St. Andre, Warden; (2) Dr. Richard Gray; (3) Dr. Robert C. Fox; (4) John Doe I; (5) John Doe II; and (6) the California Department of Corrections and Rehabilitations (CDCR). Id. at 2.  Plaintiff alleges violation of his Eighth Amendment rights against the named defendants for deliberate indifference towards his medical care. Id.
> Plaintiff alleges that, on May 30, 2019, upon Plaintiff's arrival at High Desert State Prison, Plaintiff was assigned the upper level of the bunk bed. Id.  Plaintiff stated to Defendant Doe I that he needed to be placed on the lower level of the bunk bed because he has gout. Id. Defendant Doe I ordered Plaintiff to take the upper level of the bunk bed,

or he would receive a Rule Violation Report. Id. On the same night, Plaintiff fell off the upper level of the bunk bed, which led to severe injuries. Id. The following morning, Plaintiff's cell mate reported the fall to Defendant Doe II. Id. at 5. Plaintiff was moved to the lower level of the bunk bed after the incident. Id.

According to Plaintiff, on June 2, Plaintiff stated that his head was still hurting from the fall and his left eyeball began to secrete blood. Id. Plaintiff alleges that Defendant Doe I should have listened to his plea for the lower level of the bunk bed, thus, his injuries could have been avoided. Id. Plaintiff alleges that Defendant Doe I's actions violated his Fourteenth and Eight Amendment Rights because he was denied his right to medical care, due process, and treated with deliberate indifference. Id. at 5.

The following day, Defendant Doe II took Plaintiff to the medical clinic. Id. At the medical clinic, Defendant Gray disregarded Plaintiff's request to be seen immediately. Id. Plaintiff alleges that Defendant Gray sent him away with no medical treatment. Id. Plaintiff was seen by Defendant Fox the following day. Id. Plaintiff was diagnosed with injuries to his left heel and abrasions to his lower extremities. Id. at 9. Furthermore, Plaintiff was diagnosed with a ruptured globe full-thickness corneal laceration on his left eye, essentially a ruptured eye. Id. Plaintiff was prescribed moxifloxacin eye drops, oxycodone, and IV fentanyl. Id. Plaintiff was also ordered for an x-ray. Id.

It was later determined that Plaintiff's left eye was infected and required surgery. Id. at 6. Plaintiff alleges that the untimely medical treatment resulted in vision loss of his left eye. Id. Furthermore, Plaintiff alleges that he did not receive adequate medical care from Defendant Fox because he was unable to be seen regularly as required. Id. Plaintiff states that his medical appointments have continuously been rescheduled for nearly two years as a result of the COVID-19 pandemic. Id. at 7. Plaintiff alleges that Defendant Fox knew the seriousness of his injuries and deliberately chose to ignore it. Id. at 6.

On June 4, 2021, Plaintiff received a response regarding his health care grievance dated January 22, 2021. Id. at 13. The response letter stated that Plaintiff has been prescribed lisinopril, allopurinol, and etodolac to mitigate general aches and pain. Id. at 15. Also, Plaintiff's medical records confirm that he was placed on a care plan and his primary care provider has discussed the care plan with him. Id. On August 19, Plaintiff received another response regarding his health care grievance. Id. at 16. The response letter confirmed that Plaintiff's medical records reflect that his Disability Placement Program and his Verification and Comprehensive Accommodation have been updated. Id. at 17. Records accurately reflect that Plaintiff requires the bottom level of the bunk bed as of January 1, 2021. Id. Lastly, the response letter states that Plaintiff's vision has been gradually deteriorating and there is vision loss on his left eye due to the ruptured globe. Id. A referral has been placed to optometry, but Plaintiff's condition did not require an urgent outside referral. Id.

ECF No. 11, pgs. 2-4.

///

///

///

2

The Court determined that Plaintiff states a cognizable Eighth Amendment medical care claim against Defendants Gray and Doe I.  See id. at 4.  The Court, however, found that Plaintiff failed to state a cognizable Eighth Amendment claim against Defendants Fox and Doe II because Plaintiff has not alleged deliberate indifference as to either defendant.  See id. at 4-7.  Finally, the Court concluded that Plaintiff fails to allege sufficient facts to establish liability of Defendant St. Andre, who holds a supervisory role.  See id.  Plaintiff was provided an opportunity to file a first amended complaint to address the defects identified in the Court's screening order.  See id. at 7.  Plaintiff was cautioned that failure to file an amended complaint within the time permitted therefor would result in the defective claims/defendants being subject to dismissal.  See id.  To date, and despite numerous extensions of time, Plaintiff has elected not to file an amended complaint.  The Court, therefore, recommends dismissal of certain claims and defendants consistent with the September 21, 2022, screening order.  By separate order issued herewith, the Court directs service of process on Defendant Gray.

Based on the foregoing, the undersigned recommends that:

    1.    This action proceed on Plaintiff's original complaint as to Plaintiff's Eighth Amendment medical care claim against Defendants Gray and Doe I;

    2.    All other claims are dismissed; and

    3.    Fox, St. Andre, and Doe II are dismissed as defendants to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2023

                                                                  DENNIS M. COTA
                                                                    UNITED STATES MAGISTRATE JUDGE